O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CLINTON,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>JAMES TILTON, et al.,<br><br>　　　　　Defendants. | Case No. CV 08-4181-DOC (OP)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**I.**

**PROCEEDINGS**

On June 24, 2008, Plaintiff lodged for filing the current pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On August 8, 2008, the Complaint was ordered filed after the Court granted Plaintiff's request to proceed in forma pauperis. The events alleged in the Complaint occurred while Plaintiff was incarcerated at the California Men's Colony ("CMC") in San Luis Obispo. (Compl. at 2.) Plaintiff has since been released from custody and currently lives in Van Buren, Arkansas.

///

///

**II.**

1

## PLAINTIFF'S ALLEGATIONS

In the Complaint, Plaintiff names as Defendants California Department of Corrections and Rehabilitation ("CDCR") Director James Tilton, CMC Warden John Marshall, CMC Appeals Coordinator D. Engler, and CMC Correctional Counselor R. Delacruz. All Defendants are sued in their individual capacities only. Plaintiff seeks monetary damages as well as declaratory and injunctive relief. (Id. at 3-4, 18.)

From what the Court can gather from the Complaint, Plaintiff was raped while incarcerated at one of the California State Prisons, and certain prison officials released confidential documents detailing the rape into the prison's general population in order to have Plaintiff further victimized or killed. (Id. at 5.) Prior to Plaintiff's release from custody, he requested safe community re-entry by contacting an organization called Stop Prisoner Rape. However, Defendants Engler and Delacruz refused to call the requested organization, and Plaintiff was ultimately released on Los Angeles' skid row where he was further victimized. (Id. at 11-17.) Plaintiff further alleges that Defendant Engler interfered with Plaintiff's administrative grievance process with regard to his safe community re-entry. (Id.)

As to Defendants Tilton and Marshall, Plaintiff alleges, among other things, that they "refuse to implement safe community re-entry policies to protect their prison rape survivors." (Id. at 5-11.)

## III.
## STANDARD OF REVIEW

**A.   PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a

defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by certain standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.") The Bell Atlantic Court further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the
> cumbersome requirement that a claimant "set out in detail the facts

    upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965 n.3 (citations omitted).

**B.**    **Leave to Amend.**

    If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

## IV.

## DISCUSSION

**A.**    **The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

    Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego,

942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Unsupported, conclusory allegations are insufficient to state a valid claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

As set forth above, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp., 127 S. Ct. at 1964-65.

As to Defendants Tilton and Marshall, Plaintiff alleges, among other things, that they "refuse to implement safe community re-entry policies to protect their prison rape survivors." (Compl. at 5-11.) These conclusory allegations, along with numerous other conclusory allegations, are clearly insufficient to establish supervisory liability against these Defendants. Thus, the Complaint is subject to dismissal for failure to state a claim for supervisory liability against Defendants Tilton and Marshall.

**B.     The Complaint Appears to State an Eighth Amendment Claim Based on Failure to Prevent Harm.**

The Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (citing Hudson v. Palmer, 468 U.S. 517,

526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)).  In order to state an Eighth Amendment claim for failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  <u>Farmer</u>, 511 U.S. at 834 (<u>citing</u> <u>Helling v. McKinney</u>, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)).  Also, the required state of mind is one of "deliberate indifference" to inmate health or safety.  <u>Farmer</u>, 511 U.S. at 834.  This requirement is satisfied by showing that "the official knew of and disregarded a substantial risk of serious harm to [the prisoner's] health or safety."  <u>Johnson v. Meltzer</u>, 134 F.3d 1393, 1398 (9th Cir. 1998) (<u>citing</u> <u>Farmer</u>, 511 U.S. at 837).

From what the Court can gather from the Complaint, Plaintiff was raped while incarcerated at one of the California State Prisons, and certain prison officials released confidential documents detailing the rape into the prison's general population allegedly in order to have Plaintiff further victimized or killed. (Compl. at 5.)  Prior to Plaintiff's release from custody, he requested safe community re-entry by contacting an organization called Stop Prisoner Rape. However, Defendants Engler and Delacruz refused to call the requested organization, and Plaintiff was ultimately released on Los Angeles' skid row where he was further victimized.  (<u>Id.</u> at 11-17.)  Based on these allegations, it appears that Plaintiff has stated a claim for relief against Defendants Engler and Delacruz.

**E.      <u>The Complaint Must Comply with Fed. R. Civ. P. 8</u>.**

Rule 8 of the Federal Rules of Civil Procedure provides that:  "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a).  Rule 8 further provides that: "[e]ach averment of a pleading shall be simple, concise, and direct . . ."  Fed. R. Civ. P. 8(e)(1).  A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement.  See

1 | Vakalis v. Shawmut Corp., 925 F.2d 34, 36 (1st Cir. 1991); Mangan v.
2 | Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).
3 |     Plaintiff is reminded that all future Complaints he may file must comply
4 | with the Rule 8.

## V.

## ORDER

7 |     Based on the foregoing, the Court hereby dismisses the Complaint. See Noll
8 | v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must
9 | be given leave to amend his complaint unless it is absolutely clear that the
10 | deficiencies of the complaint cannot be cured by amendment).
11 |     If Plaintiff still wishes to pursue this action, he shall have thirty (30) days
12 | from the date of this Order within which to file a First Amended Complaint,
13 | attempting to cure the defects in the Complaint.  The First Amended Complaint
14 | shall be complete in itself and must remedy the deficiencies discussed.  Plaintiff
15 | may not use "et al." in the caption but must name each Defendant against whom
16 | claims are stated.  Furthermore, Plaintiff must use the blank Central District Civil
17 | Rights Complaint form accompanying this order, must sign and date the form,
18 | must completely and accurately fill out the form, and must use the space provided
19 | in the form to set forth all of the claims that he wishes to assert in his First
20 | Amended Complaint.  The Clerk is directed to provide Plaintiff with a blank
21 | Central District Civil Rights Complaint form.  The First Amended Complaint shall
22 | not refer to the previously dismissed Complaint.
23 | / / /
24 | / / /
25 | / / /
26 | / / /
27 |     Failure to comply with these requirements may result in the dismissal of this
28 | action for failure to prosecute and/or failure to comply with a court order.  Failure

to remedy the deficiencies discussed may also result in a recommendation that the action be dismissed.

**IT IS SO ORDERED.**

DATED: August 27, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge